O

JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 489690

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.M. et al.,<br><br>              Plaintiffs,<br>      v.<br><br>FORD MOTOR COMPANY et al.,<br><br>              Defendants. | Case No. 2:12-cv-08787-ODW (RZx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

     The Court has received Defendant Ford Motor Company's Notice of Removal. Having carefully considered the papers filed in conjunction with Ford's Notice, the Court determines that Ford has failed to satisfy its burden to establish federal jurisdiction. The Court must therefore remand this action to the Los Angeles Superior Court.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, Court strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Ford's Notice of Removal alleges that "Ford *is informed and believes* that Plaintiff Andy Alarcon Meza, a minor by and through . . . his guardian ad litem, was, and still is, a citizen of the State of California, county of Riverside." (Notice of Removal ¶ 6 (emphasis added).) This allegation insufficient to establish Andy Meza's citizenship on removal, as a notice of removal "alleging diversity of citizenship upon information and belief is insufficient." *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kantor*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Thus, because Ford has alleged Andy Meza's citizenship on "information and belief," the Notice of Removal's allegations do not suffice to establish this Plaintiff's citizenship. Ford's allegations therefore fall short of invoking this Court's diversity jurisdiction.

And though Plaintiffs' Complaint alleges Andy Meza "and his guardian ad litem were and are residents of the County of Riverside, State of California" (Compl. ¶2), residency allegations are insufficient alone to establish citizenship for removal purposes. While a party's residence may be prima facie evidence of that party's

domicile when an action is brought in federal court in the first instance, *see State Farm v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence allegations are insufficient to establish citizenship *on removal* in light of the strong presumption against removal jurisdiction.  *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

For these reasons, the Court **REMANDS** this case to the Los Angeles County Superior Court.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 19, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

3